UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAURA NOBLE,

    Plaintiff,

v.

PROSPECT MORTGAGE, L.L.C.,

    Defendant.
_____/

Case No. 13-11837

Honorable John Corbett O'Meara

FILED
FEB 25 2014
CLERK'S OFFICE
U.S. DISTRICT COURT
ANN ARBOR, MI

### ORDER GRANTING
### PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S JURY DEMAND

This matter came before the court on plaintiff Laura Noble's August 20, 2013 motion to strike Defendant's jury trial demand. Defendant Prospect Mortgage filed a response September 3, 2013; and Plaintiff filed a reply brief September 10, 2013. In addition, Plaintiff filed a supplemental notice of authority February 7, 2014, citing four recent district court rulings on point. Pursuant to the court's September 3, 2013 order, no oral argument was heard.

### BACKGROUND FACTS

Defendant Prospect Mortgage employed plaintiff Laura Noble as a loan officer. In October 2010, three other loan officers filed a putative class action suit in the Eastern District of California, alleging claims for overtime pay and minimum wage violations of the Fair Labor Standards Act against defendant Prospect Mortgage. Plaintiff Noble opted-in in the California collective action, Sliger v. Prospect Mortgage, L.L.C., Case No. 11-00465 (E.D. Cal.). Ultimately, however, the case did not go to trial; and the parties in Sliger stipulated to decertify the action, with the agreement that all opt-in plaintiffs could file their own cases in another forum. It was further agreed that the

applicable statute of limitation would be tolled until April 23, 2013, the date on which plaintiff Noble filed this action.

Plaintiff Noble did not file a jury demand in the present action; however, defendant Prospect Mortgage filed a jury demand with its answer July 30, 2013. Plaintiff moves to strike the jury demand based on the Jury Waiver Agreement she was required to sign as a condition of her employment with Prospect.

## LAW AND ANALYSIS

The issue presented in this motion is not unique. Many, if not most, of the opt-in plaintiffs in the <u>Sliger</u> action were required to sign Prospect Mortgage's Jury Waiver Agreement as a condition of their employment. The subject Agreement was clear and unambiguous.

> Although the Company believes that our internal complaint resolution procedure should be sufficient to resolve any workplace problems that you may have, we recognize that sometimes, notwithstanding everyone's best efforts, a matter cannot be resolved internally. In those rare instances, we believe that our nation's judges (such as our federal judges who are appointed by Congress for life and thus are free from any outside bias or influence) are in the best position to resolve our workplace disputes. *Accordingly, we have created this policy which, in effect, says that if you file a lawsuit, a judge will decide if we acted correctly or incorrectly. This policy does not take away your rights to sue or seek any type of remedy the law allows, it simply provides for a federal or state judge to decide our differences.* By signing this agreement, you consent to waive your right to a jury trial with respect to any lawsuit you may commence against Metrocities Mortgage, LLC, a Prospect Mortgage Company, its affiliates, subsidiaries, divisions, successors, assigns, and purchasers, and the current, former, and future employees, shareholders, officers, directors and agents thereof ("the Company"), relating in any manner to your application for, employment with, or cessation of your employment, any term and condition of your employment with the Company or any other claim or dispute. *Absent your signing this Jury Waiver Agreement you would not be hired or remain employed by the Company.* You have the right to consult with counsel of your choosing regarding this Jury Waiver Agreement prior to signing this document.

> *By signing below you acknowledge that you have had a reasonable period of time to consider this Jury Waiver Agreement and are waiving your right to a jury trial knowingly, voluntarily, and free from duress or coercion.*

Plaintiff's Ex. 1 (emphasis added). The Agreement is signed by Plaintiff and dated June 13, 2010.

Defendant Prospect Mortgage claims that by filing a notice of consent to join the Sliger suit in California, which did include a jury demand by the putative plaintiff class, plaintiff Noble waived her right to enforce the Jury Waiver Agreement in this action. Prospect's position is utterly incongruous. It was Prospect, not Plaintiff, that drafted the Jury Waiver Agreement. It was Prospect, not Plaintiff, that included language that the signor was waiving his/her right to a jury trial "knowingly, voluntarily, and free from duress or coercion." More importantly, it was Prospect who conditioned the signor's hiring and continued employment upon signing the Agreement.

In its response brief, Prospect Mortgage has the temerity to argue that there is no admissible evidence to show that it entered into a contract with Plaintiff to waive its right to a jury because "Plaintiff has failed to properly authenticate the jury waiver agreement and has provided no admissible testimony regarding who signed the agreement, who created the agreement, and how the agreement was presented to Plaintiff." Def.'s br. at 9. The Jury Waiver Agreement, signed and dated by plaintiff Noble, was contained in the personnel files disclosed by Prospect Mortgage!

## ORDER

It is hereby **ORDERED** that plaintiff Laura Noble's motion to strike Defendant's jury demand is **GRANTED**.

/s/ John Corbett O'Meara
John Corbett O'Meara
United States District Judge

Dated: February 25, 2014

3